**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2409-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TYREEK E. THOMAS,

    Defendant-Appellant.

_____

Submitted August 2, 2021 – Decided August 18, 2021

Before Judges Sabatino and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 12-04-0928.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Jason Magid, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tyreek Thomas, who pled guilty to and was convicted of multiple robbery and carjacking offenses in 2013, appeals the trial court's October 25, 2019 order denying his petition for postconviction relief ("PCR") without an evidentiary hearing. We affirm.

Defendant was charged in a twenty-nine-count indictment, which encompassed four first-degree offenses involving the robbery of four separate victims. The charges arose from acts of armed robbery and carjacking on consecutive dates in July 2011, one of which resulted in a victim being shot but not killed.

In September 2013, defendant pled guilty pursuant to a plea agreement to two counts of first-degree robbery and two counts of first-degree carjacking. Under that negotiated agreement, the State agreed to dismiss other counts and to recommend a maximum aggregate sentence of twenty-five years, subject to the parole ineligibility period of the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2.

The trial court sentenced defendant in October 2013, at which time it imposed an aggregate twenty-five-year NERA sentence consistent with the terms of the plea agreement. Defendant appealed his sentence, and this court remanded the matter to provide him with a hearing on his request to withdraw

his guilty plea. After the trial court denied the withdrawal motion, we affirmed that ruling as well as defendant's sentence. The Supreme Court denied certification. State v. Thomas, 230 N.J. 548 (2017).

Defendant thereafter filed his instant PCR application, in a verified petition that stated, without elaboration, that he sought relief from his conviction. His PCR counsel then filed an amended petition which alleged that defendant's trial counsel had been constitutionally ineffective by "[f]ailing to properly investigate the claims alleged against [defendant], share discovery materials in a timely fashion with [him] and conduct routine prison visits, resulting in [him] feeling that he had no choice but to plead guilty since counsel formulated no defense to the charges." Defendant filed no certification or affidavit to substantiate or elaborate upon these allegations with any specifics.

PCR counsel submitted a brief to the trial court alleging, without any supporting certification, that defendant had told his trial counsel that "the co-operating co-defendant was not being truthful." The brief added, again without any supporting evidence, that trial counsel "never provided [unspecified] certain discovery to [defendant] until right before trial was scheduled to begin," and that counsel "failed to make regular prison visits to discuss all options with [him]."

3                                                          A-2409-19

After hearing oral argument, the PCR judge denied defendant's petition, concluding that he had not presented a prima facie basis for relief. In her oral decision, the judge noted that defendant had been facing a cumulative prison exposure of over one hundred years, and that his trial counsel had negotiated a substantially more favorable plea agreement that dismissed two of the first-degree charges. In addition, the judge noted defendant had provided the police a self-incriminating statement, which had been ruled admissible after a <u>Miranda</u>[1] hearing. The judge added that, regardless of defendant's claim that his co-defendant had a flawed character and lacked credibility, the record shows that defendant was "still involved in the commission of these crimes."

Defendant raises the following points in his current brief on appeal:

> POINT I
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE, PROVIDE DISCOVERY OR DISCUSS HIS CASE AND DEFENSES THEREBY FORCING HIM INTO A GUILTY PLEA.
>
> POINT TWO

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

A-2409-19

IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Having duly considered these points in light of the governing law, we affirm the PCR judge's order. We add only a few comments.

The court's assessment of defendant's claims of ineffective assistance of his trial counsel is guided by the well-established two-part test of Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on such a claim, a defendant must establish: (1) deficient performance by his former attorney; and (2) actual prejudice resulting from that deficient representation. Ibid.; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the two-part Strickland test).

These constitutional principles extend to representation provided by a criminal defense attorney to an accused in connection with a plea negotiation. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134 (2012). In that plea context, a defendant must establish with "reasonable probability" that the result would have been different had he received proper advice from his trial attorney. Lafler, 566 U.S. at 163 (citing Strickland, 466 U.S. at 694); see also Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

A-2409-19

In order to proceed with such claims of ineffectiveness through a PCR petition, the defendant must make a prima facie showing of deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 462-63 (1992). The sufficiency of that showing must be evaluated by viewing the facts in the light most favorable to the defendant. State v. Jones, 219 N.J. 298, 311 (2014). However, mere "bald assertions" of deficient performance and prejudice do not suffice to create a prima facie showing, or warrant an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Defendant has failed to present such a prima facie showing here. It is readily apparent defendant's claims that he was prejudiced by inadequate lawyering are vague and unsupported. The judge's decision, although not extensive, was more than adequate under the circumstances given defendant's manifest failure to present a prima facie case.

Defendant did not provide a certification detailing his claims about counsel not visiting with him. Indeed, his testimony during the plea hearing showed he had conferred with counsel at some length. Defendant did not certify what the missing discovery would have revealed. Nor did he identify what exculpatory evidence would have been uncovered by counsel through

A-2409-19

investigation, or how it would have overcome his own self-incriminatory statements.

As the PCR judge rightly noted, defendant avoided a far more lengthy sentence on several first-degree offenses. There is no evidence he would not have accepted a plea agreement but rather insisted on a trial and realistically obtained a better outcome. The court made adequate findings of fact and conclusions of law on the claims and evidence presented. There was no need for any evidentiary hearing. See Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                    A-2409-19